RATTET PASTERNAK, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Robert L. Rattet
Erica R. Feynman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                  Chapter 11
                                                                                            Case No. 11-23666(RDD)
MARRS ELECTRIC SALES CO., INC.,

                                        Debtor.
-----------------------------------------------------------X

## DECLARATION OF JEAN SUWAL
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

JEAN SUWAL, being duly sworn, deposes and says:

1. I am the President and majority shareholder of Marrs Electric Sales Co., Inc. (the "Debtor"), and I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### BACKGROUND

2. The Debtor opened its doors in 1976 selling light bulbs to small independent food stores. In its formative years, the business was comprised of me, its sole sales agent and one helper, on a single truck, selling our goods door to door. After a number of years, I expanded the business from light bulb sales to other general merchandise products which covered most non-food items sold at local markets.

3. After ten (10) years of hard work and perseverance, especially in the face of many business owners who simply refused to do business with a woman, I gained the recognition,

respect and ultimately the business of major supermarket chains such as Key Food, Associated, White Rose and D'Agostino.

4. As the business grew, so did its need for space and warehousing merchandise began a necessity in order to adequately service its ever growing accounts. The Debtor had various locations from which it operated, both leased and owned. Specifically, the Debtor purchased the property located at 30 Grove Street in New Rochelle which was one of several locations from which the Debtor operated.

5. In or about 1985, one of the Debtor's trusted advisors suggested that if it were to create a pension plan for its employees, it would be able to attract a more skilled workforce and retain them. Based upon this advice, as well as the numerous other advantages from sponsoring a pension plan for a business, the Debtor moved forward with the institution of its pension plan.

6. Unfortunately for the Debtor, the Debtor's industry began experiencing a downward trend. Both large and small retailers began to buy merchandise directly from the suppliers thereby cutting out the "middleman" and saving on their cost of goods. This directly impacted the Debtor's cash flow.

7. As the Debtor's cash flow decreased, it became more and more difficult for the Debtor to pay its bill as they came due, including its significant obligations to its pension plan.

8. In response, the Debtor downsized its operations and in connection with this downsizing, it vacated the 30 Grove Street premises and in 2000, the debtor began renting it out to an unrelated tenant. This lease expired in 2010 but the tenant, Bread Factory, LLC, has remained in possession on a month to month basis.

9. In 2002, in another effort to capture all possible revenue streams, the Debtor entered into a twenty (20) year lease for a billboard on the same property.

10. As it became ever more clear to the Debtor that business would likely not improve, I began to investigate options to sell the business. On September 25, 2008, the Debtor sold all of the assets of the Debtor, with the exception of its real property, to New Advanced Sales Group, Inc., a competitor. Unfortunately, this sale was not for an amount sufficient to satisfy all of the Debtor's obligations in full.

11. In July, 2010, the principal of the Bread Factory, LLC entered into a contract of sale to purchase the 30 Grove Street property however, upon information and belief, the Bread Factory, LLC has been unable to close on the sale of the premises due to financing problems.

**Debtor's Intentions in Chapter 11**

12. The Debtor intends to utilize the Chapter 11 process to complete the wind down of its affairs in an orderly manner. First, the Debtor intends to seek a distressed termination of its pension plan and in connection therewith, fix the Debtor's liability. The Debtor also intends to either consummate the sale of the 30 Grove Street property free and clear of all liens, claims and encumbrances or reject the pending contract of sale and secure a new buyer. Under either scenario, the Debtor intends to utilize the sale proceeds to fund a liquidating chapter 11 plan and distribute the proceeds pro rata to its creditors.

13. The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as a debtor-in-possession under Chapter 11 until consummation of the contemplated sale described above and the confirmation of a liquidating plan.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

14. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

15. The Debtor is located at 30 Grove Street, New Rochelle, NY and currently owns and operates non-residential real property at the same location.

**Local Rule 1007-2(a)(2)**

16. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**Local Rule 1007-2(a)(3)**

17. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

18. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

19. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

20. A copy of the Debtor's most recent balance sheet is shall be provided.

**Local Rule 1007-2(a)(7)**

21. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

22. None of the Debtor's property is in the possession of any custodian, public officer,

mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

23. The Debtor owns property located at 30 Grove Avenue, New Rochelle, New York.

**Local Rule 1007-2(a)(10)**

24. The Debtor's books and records are located at a storage facility in Yonkers, New York and with its various professionals.

**Local Rule 1007-2(a)(11)**

25. Upon information and belief, there are no lawsuits currently pending against the Debtor.

**Local Rule 1007-2(a)(12)**

26. The Debtor is currently managed by Deponent who has done so since the Debtor's formation.

**Local Rule 1007-2(b)(1) and (2)**

27. The Debtor has no employees.

**Local Rule 1007-2(b)(3)**

28. Over the next thirty days, the only income anticipated by the Debtor is its rental income in the amount of $5,600.00, which is the only income that the Debtor receives on a monthly basis.

29. The Debtor does not anticipate any expenses during the next thirty days. The only expenses that the Debtor has is its insurance, real estate taxes and storage fees, all of which are paid in full at the present time.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 18, 2011

By: */s/ Jean Suwel*
Jean Suwel, President

# Schedule I

Debtor's Twenty Largest Unsecured Creditors

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re    Marrs Electric Sales Co., Inc.                Case No.    11-23666
                                               Debtor(s)               Chapter     11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) *Name of creditor and complete mailing address including zip code* | (2) *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3) *Nature of claim (trade debt, bank loan, government contract, etc.)* | (4) *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5) *Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| General Electric Company<br>Consumer & Indust. Prod. Div.<br>721 Visions Drive<br>Skaneateles, NY 13152 | General Electric Company<br>Consumer & Indust. Prod. Div.<br>721 Visions Drive<br>Skaneateles, NY 13152 | | Disputed | 329,723.93 |
| Kings Super Market, Inc.<br>700 Lanidex Plaza<br>Parsippany, NJ 07054 | Kings Super Market, Inc.<br>700 Lanidex Plaza<br>Parsippany, NJ 07054 | | Disputed | 96,000.00 |
| Hartz Mountain Corp.<br>P.O. Box 14974<br>Chicago, IL 60693 | Hartz Mountain Corp.<br>P.O. Box 14974<br>Chicago, IL 60693 | | | 25,274.33 |
| Sterilite Corp.<br>P.O. Box 8001<br>Townsend, MA 01469-8001 | Sterilite Corp.<br>P.O. Box 8001<br>Townsend, MA 01469-8001 | | | 17,986.32 |
| HFC Inc. d/b/a Handi Foil<br>135 E. Hintz Road<br>Wheeling, IL 60090 | HFC Inc. d/b/a Handi Foil<br>135 E. Hintz Road<br>Wheeling, IL 60090 | | | 13,504.45 |
| NY Merchants Protective Co.<br>75 West Merrick Rd.<br>Freeport, NY 11520 | NY Merchants Protective Co.<br>75 West Merrick Rd.<br>Freeport, NY 11520 | | | 10,837.95 |
| Feit Electric Co.<br>4901 Gregg Road<br>Pico Rivera, CA 90660 | Feit Electric Co.<br>4901 Gregg Road<br>Pico Rivera, CA 90660 | | | 7,272.64 |
| Krass, Snow & Schmutter<br>419 Park Avenue So.<br>New York, NY 10016 | Krass, Snow & Schmutter<br>419 Park Avenue So.<br>New York, NY 10016 | | | 2,152.00 |

B4 (Official Form 4) (12/07) - Cont.

In re  Marrs Electric Sales Co., Inc.  
Debtor(s)

Case No.  11-23666

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  August 18, 2011

Signature  /s/ Jean Suwal  
Jean Suwal  
President

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  
18 U.S.C. §§ 152 and 3571.

# Schedule II

## Debtor's Five Largest Secured Creditors

| | |
|---|---|
| Marrs Electric Sales Co., Inc. Pension and Trust<br>c/o Jean Suwal<br>PO Box 482<br>Yonkers, NY 10705 | $1,200,000 |
| Jasco Products Co.<br>311 NW 122nd Street<br>Oklahoma City, OK 73114 | $38,148.46 |
| Newell Rubbermaid Inc.<br>29 East Stephenson Street<br>Freeport, IL 61032 | $36,709.10 |
| Quickie Manufacturing Corp.<br>1550 Taylors Lane<br>Cinnaminso, NJ 08077 | $23.132.14 |
| Key Dee Designs, Inc.<br>177 Skink Hill Road<br>Hope Valley, RI 02832 | $10,654.39 |

# Schedule III

## Debtor's Balance Sheet

To be provided.